IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WENDELL KEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:20-CV-01076-KFP |
| | ) |
| KILOLO KIJAKAZI,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Wendell Key, seeks judicial review of the Social Security Administration's decision denying his application for Disability Insurance Benefits. Based on review and consideration of the record, briefs, applicable regulations, and caselaw, this matter is REVERSED and REMANDED to the Commissioner for further consideration.

**I.    STANDARD OF REVIEW**

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope is limited to determining whether substantial evidence in the record as a whole supports the Commissioner's decision and whether the correct legal standards were applied. *Winschel v. Comm'r of Soc. Sec. Admin.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Substantial evidence is more than a scintilla but less than a preponderance. *Martin*

---

[1] Kilolo Kijakazi is now the Acting Commission of Social Security and is automatically substituted as a party under Rule 25(d) of the Federal Rules of Civil Procedure. *See also* 42 U.S.C. § 405(g) (providing that an action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

*v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner and, even if the evidence preponderates against the Commissioner's factual findings, the Court must affirm if the decision is supported by substantial evidence. *Winschel*, 631 F.3d at 1178; *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## II.     FACTUAL BACKGROUND

Plaintiff was 40 years old when the Administrative Law Judge ("ALJ") rendered a decision finding Plaintiff not disabled. R. 23. Plaintiff has no prior work experience. R. 17. Plaintiff claims he was disabled as of October 1, 2015. R. 10, 236. He filed for disability on January 11, 2019.[2] R. 10, 23, 238.

On May 3, 2019, Plaintiff's initial application was denied. R. 10. Plaintiff requested a hearing before an ALJ. R. 10. The ALJ held a hearing on July 23, 2020[3] (R. 10), and issued a decision on August 17, 2020, finding Plaintiff not disabled. R. 7. Plaintiff sought review. R. 1. The Appeals Council declined to review the ALJ's decision on October 28, 2020, making the Commissioner's final decision ripe for judicial review. R. 1–3; *see* 42 U.S.C. § 405(g).

## III.    THE ALJ'S DECISION

The ALJ concluded that Plaintiff has a severe impairment of "polysubstance abuse" but that he does not meet the applicable Listing of Impairments in 20 C.F.R § 404, Subpart

---

[2] Plaintiff alleged disability due to blindness, paranoid schizophrenia, and manic depression. R. 240.
[3] Prior to the July 23, 2020 hearing, Plaintiff met with the ALJ for a hearing on February 26, 2020; however, the Plaintiff requested a postponement in order to seek representation. R. 10.

P, Appendix 1.[4] R. 13. The ALJ determined Plaintiff has the residual functional capacity ("RFC") to perform a full range of work with certain non-exertional limitations.[5] R. 15. The ALJ also determined that Plaintiff had no relevant past work experience. R. 17. Considering Plaintiff's age, education, lack of work experience, and RFC, the ALJ found there were no other jobs in the national economy that Plaintiff could have performed and that he was disabled under the vocational guidelines. R. 18.

The ALJ then considered whether Plaintiff would be disabled without the substance abuse. R. 18. The ALJ ultimately concluded that "[b]ecause the substance use disorder is a contributing factor material to the determination of disability," Plaintiff had not been under a disability from his alleged onset date through the date of the ALJ's decision on August 17, 2020. R. 23.

## IV.   DISCUSSION

Plaintiff's brief delineates two issues for review: (1) the ALJ failed to properly consider and developed the medical evidence in determining Plaintiff has no severe mental impairments and (2) the ALJ failed to properly consider Plaintiff's subjective statements.

### A.   The contributing-factor analysis.

Once an ALJ determines that a plaintiff is disabled, if there is medical evidence of substance abuse, the ALJ must then determine whether the abuse is a contributing factor to the disability determination. 20 C.F.R.§ 404.1535(a); *Doughty v. Apfel*, 245 F.3d 1274,

---

[4] Specifically, the ALJ found that Plaintiff did not meet the listing requirements for § 12.00. R. 14.
[5] The ALJ limited Plaintiff to simple tasks and instructions and determined that "due to ongoing signs and symptoms, the claimant would be off task on an occasional basis; might need redirection to task on an occasional basis; might not be able to work around others; and would probably miss three to five days of work per month." R. 15.

1279 (11th Cir. 2001). Under the current regulations,

> *If a claimant is disabled,* but has evidence of drug addiction or alcoholism, the ALJ must determine whether the drug addiction or alcoholism is a contributing factor material to the determination of the finding of disability. 20 C.F.R. § 404.1535(a). *In making this determination, the ALJ considers whether the claimant is disabled without the drug addiction or alcoholism.* 20 C.F.R. 404.1535(b)(1). *The ALJ considers which of the disabling conditions would remain should the claimant stop using drugs or alcohol.* 20 C.F.R. § 404.1535(b)(2). If the ALJ determines that the claimant's remaining limitations would not be disabling, the ALJ will find that the drug usage or alcoholism is a contributing factor material to the determination of disability. 20 C.F.R. § 404.1535(b)(2)(i). Drugs and alcohol are a contributing factor material to the determination of disability when they form the exclusive basis for the finding of disability. *If there are other grounds for finding the claimant disabled, then drugs and alcohol are not a contributing factor material to the determination of disability.* 20 C.F.R. § 404.1535(b)(2)(ii).

*Doherty ex rel. Romine v. Colvin*, No. 2:13-CV804-CSC(WO), 2015 WL 225851, at *9 (M.D. Ala. Jan. 16, 2015) (citing *Englert v. Apfel,* Case No. 97–1526–CIV–ORL–18C, 1999 WL 1289472, at *8, n.3 (M.D. Fla. June 16, 1999)) (emphasis in original); *Deters v. Comm'r of Social Sec.,* 301 F. App'x. 886, 887–88 (11th Cir. 2008).

Here, the record indicates that Plaintiff has an addiction to amphetamines. R. 313, 325, 331–34, 338, 342–48, 353, 378, 387–89, 395, 407, 435, 447–60, 480–82, 510, 514. The ALJ first determined that Plaintiff had a single severe impairment of polysubstance abuse and found that the impairment rendered him disabled. R. 13–18. Then, the ALJ properly considered whether Plaintiff's drug addiction was a contributing factor material to that determination and concluded that it was. R. 18–23. In other words, the ALJ determined that Plaintiff would not be disabled if the substance abuse ceased. R. 23.

The parties disagree as to the proper order of analysis given the substance abuse. In response to the Plaintiff's claim that the ALJ erred at step two (Doc. 16 at 2–8), the

Commissioner argues that because "Plaintiff does not even raise the argument, or cite to any evidence in support of an argument[] that he would still be disabled if he stopped the substance abuse[,]" Plaintiff waived any contributing-factor arguments. Doc. 17 at 5. The Commissioner is incorrect.

"The governing regulations require the Commissioner to *first* determine whether the plaintiff is disabled before considering whether his [substance abuse] is a contributing factor to disability." *Doherty*, 2015 WL 225851, at *8 (emphasis in original); *see also* 20 C.F.R. § 416.935(a). As discussed below, a disability determination requires that, at step two, the ALJ determine which of a plaintiff's impairments are severe. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 853 (11th Cir. 2013). Under 20 C.F.R. § 404.1535(a), the ALJ was required to determine whether any of Plaintiff's alleged impairments—including schizophrenia and major depressive disorder—were severe impairments *before* performing the second contributing-factor evaluation. Plaintiff argues that the ALJ committed legal error before she even reached the contributing-factor analysis by failing to conclude that Plaintiff's other mental impairments were severe. Doc. 16 at 2–8. Hence, Plaintiff did not waive any contributing-factor arguments.

To that end, the Commissioner also argues that the ALJ's findings at step two are supported by substantial evidence. Doc. 17 at 5. Accordingly, the Court must determine whether substantial evidence supports the ALJ's initial determination that Plaintiff had no other severe impairments aside from polysubstance abuse.

5

### B. The ALJ erred at step two of her initial analysis.

At step two of the sequential evaluation process, the ALJ "must determine whether an impairment is severe, that is, 'whether it significantly limits [a] claimant's physical or mental ability to do basic work activities.'" *Gray*, 550 F. App'x at 853. The claimant bears the burden of showing severity. *Mathews v. Eldridge*, 424 U.S. 319, 319 (1976). "[A]n impairment is not severe 'if it is a slight abnormality which has such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.'" *Gray*, 550 F. App'x at 853. In evaluating step-two challenges, the district court must determine whether substantial evidence supported the ALJ's findings that an impairment was not severe but a slight abnormality that would not be expected to interfere with the plaintiff's ability to work. *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) (citing *Lofton v. Schweiker*, 653 F.2d 215, 217–18 (5th Cir. 1981)).

If an ALJ fails to provide a "sufficient basis for a determination that proper legal principles have been followed[,]" a court may reverse. *Perry v. Astrue*, 280 F. App'x 887, 893 (11th Cir. 2008) (citing *Marin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). Further, where the evidence supports the existence of an impairment that the ALJ fails to categorize at step two, reversal is appropriate if the ALJ's decision did not later "reveal the extent to which the ALJ evaluated those symptoms or impairments beyond step two of the sequential evaluation process." *See Williams v. Barnhart*, 186 F. Supp. 2d 1192, 1198 (M.D. Ala. Feb. 6, 2002); *Newton v. Astrue*, 1:06-CV-1542-AJB, 2008 WL 915923, at *10 (N.D. Ga. Apr. 1, 2008). In *Williams*, the ALJ failed to determine whether certain

6

impairments were severe at step two even though the record contained extensive evidence of their existence. *Id.* Specifically, the record contained medical evidence showing multiple diagnoses, and the impairments were also evident at the hearing. *Id.* Because the ALJ failed to make an express finding and did not "reveal the extent to which the ALJ evaluated those symptoms or impairments beyond step two[,]" the court reversed. *Id.*

However, if an ALJ fails to properly evaluate Plaintiff's impairments at step two but does so at a subsequent step, she has not committed reversible error. *See id.*; *Perry*, 280 F. App'x at 894 (ALJ did not err by not specifically identifying severe impairments at step two because decision shows he evaluated impairments in determining RFC); *White v. Astrue*, No 1:08-CV-0827, 2010 WL 1729113, at *5 (M.D. Ala. Apr. 28, 2010) (citing *Nigro v. Astrue*, No. 8:06-CV-2134-T-MAP, 2008 WL 360654, at *2 (M.D. Fla. Feb. 8, 2008) (ALJ did not err by failing to make express determination at step two because he thoroughly discussed evidence in determining plaintiff's RFC)); *see also Battle v. Astrue*, 243 F. App'x 514, 522 (11th Cir. 2007) ("Errors may be harmless if they do not prejudice the claimant.") (citation omitted).

At step two of the original analysis, the ALJ stated, "the overall evidence of the record supports a finding that any other condition, not specifically mentioned in this decision, but that may be mentioned briefly in the record is not considered severe." R. 13. Before proceeding to the listing analysis, the ALJ briefly summarized a single medical appointment from January 14, 2019, showing that Plaintiff's medical history included major depressive disorder with psychosis, PTSD, and psychological inpatient care. R. 13, 504. The ALJ explained that at this appointment, Plaintiff underwent a mental status

examination and was diagnosed with major depressive disorder, psychosis, and PTSD. R. 13. The ALJ then concluded that "[t]he undersigned finds these impairments do not cause any significant limitations in this ability to meet the demands of 'basic' work activity and are not severe . . . and are discussed in greater detail later in this decision." R. 13. The ALJ ALJ made no mention of Plaintiff's schizophrenia diagnosis before proceeding to step three. R. 13.

> **1.     The Court cannot perform a meaningful review of the ALJ's determination as to Plaintiff's depression.**

In determining whether Plaintiff's major depressive disorder constituted a severe impairment, the ALJ merely summarized a single medical record evidencing Plaintiff's PTSD and major depressive disorder diagnoses. R. 13. Next, without providing any logical analysis, the ALJ concluded that the impairments did not cause any significant limitations. R. 13. As written, it appears that the ALJ made this determination based on this single medical record, overlooking several other records mentioning depression. R. 13, 380, 502, 504, 506, 508, 510, 512, 525, 533, 547, 556. While it is possible that the ALJ considered other evidence in making this determination, her lack of any explanation precludes the Court from evaluating whether the determination was supported by substantial evidence.

Nevertheless, the ALJ's lack of explanation could have been harmless if she sufficiently explained her reasoning at subsequent steps. *Williams*, 186 F. Supp. 2d at 1198; *Perry*, 280 F. App'x at 894; *White*, 2010 WL 1729113, at *5 (citing *Nigro*, 2008 WL 360654, at *2)). Although the ALJ stated that her conclusion was "discussed in greater detail later in [her] decision[,]" she still did not do so in a way that allows for meaningful

8

review. When performing the listing analysis, the ALJ's discussion compares Plaintiff's symptoms to her activities of daily living on the paragraph B criteria. R. 14–15. In determining Plaintiff's RFC, the ALJ's analysis of Plaintiff's depression, again, consists of her summarizing a single medical record showing that Plaintiff was diagnosed with major depressive disorder. R. 16. Based on these analyses, the Court cannot determine on what logical basis the ALJ categorized Plaintiff's depression as a non-severe impairment. Accordingly, the Court cannot perform meaningful review, and reversal is appropriate. *Perry*, 280 F. App'x at 894.

> 2. **The ALJ failed to make any finding as to Plaintiff's schizophrenia, despite there being significant evidence of its existence.**

At step two of her initial evaluation, the ALJ made no finding as to whether Plaintiff's schizophrenia constituted a severe impairment. R. 13. This is puzzling, especially because Plaintiff's schizophrenia is so prevalent throughout the record. R. 313, 316–19, 321–22, 324, 342, 347, 353, 378, 385, 387, 380, 389, 395, 407, 504, 506, 508, 510, 512, 514, 516, 525, 530–31, 533, 540, 542, 547, 550, 556–57. Like in *Williams*, this record contains significant evidence of Plaintiff's schizophrenia—both in the medical records and in the hearing testimony. The medical records show that Plaintiff was consistently diagnosed with paranoid schizophrenia. R. 313, 318, 322, 389, 395, 531, 540, 547. In addition to the diagnoses, the medical records largely consist of Plaintiff's complaints of auditory hallucinations and severe paranoia. R. 313, 316–19, 321–22, 324, 342, 353, 378, 387, 407, 504, 506, 508, 510, 512, 514, 516, 525, 530–31, 542, 547, 550, 556–57. Plaintiff's testimony at the hearing provided additional evidence of his

9

schizophrenia:

> Q. Okay. Mr. Key, I've read all of your medical records. You tested positive for cocaine and amphetamines quite often. I[6]s this something that you use on a regular basis?
>
> A. It's the only thing because if I go to sleep, they gone kill me. If I go to sleep they gone kill me. So sometimes I run around because if I sleep, I'm going to die. So they give me some kind of medicine and it's supposed to be nothing but I still wasn't -- it was still showing up as because I'm up. I can stay up and I can watch out, watch my back. I'm cool.
>
> Q. Okay. Are you using those drugs every day?
>
> A. No, ma'am. However, sometimes when I get so scared, and I get scared that I'm going to doze off, I run out there. And it's just that on some days I been up and I can't make it no more staying up, like some days like if I'm up like a day or two and I feel my body going down, I run out there and I try to stay up some more. So like won't get me, or like the police won't come in and send me back to prison. They tried to kill me in prison once already, you know. So I'm just trying to -- I'm fixing to try to watch my back because they go through my grandmother killed me already by now, if it wasn't for my grandmother.
>
> Q. Okay. So you use drugs to stay awake is what you're saying.
>
> A. Sometimes, like if I go to sleep then I'm going to die. That's what happened in prison. I went to sleep in prison, and a dude stabbed me probably like seven, eight, nine times. Every night like clockwork he's back, every night like clockwork he's back. And I'm not going to let him get me. I'm fixing to be able to watch him[.]

R. 47–48.

Although the Court finds this evidence concerning, it makes no determination as its

---

[6] Even if the ALJ ultimately determines that these symptoms and hospitalizations resulted from drug use rather than schizophrenia, because the record contains so much evidence of schizophrenia, a specific finding was necessary. *Williams*, 186 F. Supp. 2d at 1198.

weight.[7] *Winschel*, 631 F.3d at 1178; *Bloodsworth*, 703 F.2d at 1239. However, given the prevalence of schizophrenia in the record, an explicit finding was necessary. *Williams*, 186 F. Supp. 2d at 1198. This evidence is far too important for the ALJ to have glossed over it.

The ALJ's subsequent analyses do not cure this error. As discussed above, in determining the listing, the ALJ explained why Plaintiff's symptoms and activities of daily living preclude him from meeting the paragraph B criteria. R. 14–15. This discussion provides no insight into the ALJ's severity determination regarding Plaintiff's schizophrenia. The ALJ's RFC discussion provides even less analysis than it does for his depression. R. 16. The decision merely mentions a discharge summary from October 9, 2019, stating that Plaintiff's "discharge diagnosis included schizoaffective disorder and amphetamine abuse[.]" R. 16. However, her discussion did not otherwise mention, let alone evaluate, Plaintiff's alleged schizophrenia impairment. R. 16. As such, this decision does not "reveal the extent to which the ALJ evaluated those symptoms or impairments beyond step two[.]" *Williams*, 186 F. Supp. 2d at 1198.

Thus, in her initial evaluation, the ALJ's analyses are insufficient. Accordingly, the Court reverses and remands for further consideration.[8]

---

[7] However, on remand, the Court encourages the ALJ to thoughtfully evaluate the record in light of the standard at step two, because "[t]he severity step is a threshold inquiry which allows only 'claims based on the most trivial impairment to be rejected.'" *McDaniel v. Bowen*, 800 F.2 1026, 1030–31 (11th Cir. 1986). Again, to prove that a severe impairment exists, "[a] claimant need only show that her impairment is not so slight and its effect is not so minimal." *Id.* at 1031; *Gray*, 550 F. App'x at 853; *see also Carter v. Astrue*, No. 2:10-CV-139-CSC, 2011 WL 3510570, at *6, n.6 (M.D. Ala. Aug. 8, 2011) ("The Commissioner's position that chronic paranoid schizophrenia is not a severe impairment sufficient to meet step two is simply ridiculous, and warrants no further discussion.").

[8] Because the new evidence warrants remand, it is unnecessary for the Court to address Plaintiff's remaining arguments. See *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960 (11th Cir. 2015) (unpublished)

## V.     CONCLUSION

For the reasons set forth above, it is ORDERED as follows:

1.     This matter is REVERSED and REMANDED to the Commissioner for additional proceedings consistent with this opinion.

2.     A final judgment will be entered separately

DONE this 8th day of August, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE

---

(recognizing that there is no need to analyze other issues when case must be reversed due to other dispositive errors).f